1

2

3

4

5 UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
6 AT TACOMA

7 RODNEY DEAN CHAPPELL,

8                Petitioner,         CASE NO. C14-5191 RBL-KLS

9    v.                         ORDER DENYING PETITIONER'S
MOTION FOR COUNSEL
10 STEPHEN D. SINCLAIR,

11                Respondent.

12       Before the Court is Petitioner's motion for the appointment of counsel.  Dkt. 6.  Under

13 separate Order, the Court has directed service of the petition for writ of habeas corpus.  The

14 petition has not yet been served on Respondent and the time for Respondent to file an answer to

15 the petition has not yet passed.  Having carefully reviewed Petitioner's motion, the Court

16 **ORDERS** as follows:

17       There is no right to have counsel appointed in cases brought under 28 U.S.C. §2254,

18 unless an evidentiary hearing is required or such appointment is "necessary for the effective

19 utilization of discovery procedures." See *McCleskey v. Zant*, 499 U.S. 467, 495 (1991); *United*

20 *States v. Duarte-Higareda*, 68 F.3d 369, 370 (9ᵗʰ Cir. 1995); *United States v. Angelone*, 894 F.2d

21 1129, 1130 (9ᵗʰ Cir. 1990); *Weygandt v. Look*, 718 F.2d 952, 954 (9ᵗʰ Cir. 1983); Rules

22 Governing Section 2254 Cases in the United States District Courts 6(a) and 8(c).  The Court also

23 may appoint counsel "at any stage of the case if the interest of justice so require." *Weygandt*, 718

24 F.2d at 754.  In deciding whether to appoint counsel, however, the Court "must evaluate the

ORDER - 1

likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.*

Petitioner has not requested that he be allowed to conduct discovery in this matter, nor does the Court find good cause for granting him leave to do so at this stage of the proceedings. *See* Rule Governing Section 2254 Cases in the United States District Courts 6(a).  In addition, the Court has not determined that an evidentiary hearing will be required in this case, nor does it appear one is needed at this point.  *See* Rule Governing Section 2254 Cases in the United States District Courts 8(c).  Petitioner has not shown that his particular conditions of confinement are such that "the interests of Justice" require appointment of counsel.

Accordingly, Petitioner's motion for the appointment of counsel (Dkt. 6) is **DENIED**.

The Clerk shall send a copy of this Order to Petitioner.

DATED this <u>19th</u> day of March, 2014.

Karen L. Strombom
United States Magistrate Judge

ORDER - 2